**In re Fulani SUNNI–ALI, Aiysha Buckner, Richard Delaney, Yaasmyn Fula, Jerry Gaines, Shaheem Jabbar, Renee Thornton, Civil Contemnors.**

No. M 11–188.

United States District Court,
S.D. New York.

July 7, 1983.

Fulani Sunni-Ali, Aiysha Buckner, Richard Delaney, Yaasmyn Fula, Jerry Gaines, Shaheem Jabbar, Renee Thornton, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; Jane Parver, Asst. U.S. Atty., New York City, of counsel.

### OPINION AND ORDER

CONNER, District Judge:

On June 23, 1983, this Court denied the joint application of Fulani Sunni-Ali, Aiysha Buckner, Richard Delaney, Yaasmyn Fula, Jerry Gaines, Shaheem Jabbar and Renee Thornton (collectively the "Contemnors") for one-week furloughs from their confinement at the Metropolitan Correctional Center ("MCC") during the month-long Ramadhan observance. Each of the Contemnors was incarcerated at the MCC after being found in civil contempt for failing to comply with a grand jury subpoena.

On July 6, 1983, this Court received a reply affidavit from the Contemnors refuting several of the statements made by Assistant United States Attorney Jane Parver in her affidavit upon which the Court relied in reaching its original decision to deny the furlough application. Nothing contained in the Contemnors' recent submission, however, causes this Court to alter its prior conclusion. Despite the Contemnors' reiteration of the importance of Ramadhan and inadequacy of observing the holy period while in prison, the simple fact remains that each of the Contemnors has under his or her own control the ability to effect his or her release from the MCC to observe the holy period. All each has to do is to comply with the grand jury subpoena and he or she will be freed from incarceration forthwith.

The fact that each Contemnor is faced with a difficult choice between following his or her asserted political beliefs by refusing to comply with a lawful grand jury subpoena and compromising such beliefs and thereby achieving complete freedom to observe the holy period in any way he or she chooses does not persuade this Court that a furlough is appropriate. The importance of what these individuals must sacrifice should cause them to reflect seriously about whether they wish to continue to flout a lawful grand jury subpoena. Granting the furlough would constitute an unwarranted reduction in the desired coercive effect of this incarceration.

Accordingly, the application for a furlough is denied.